IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LABORERS' PENSION FUND and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, and JAMES S. )
JORGENSEN, Administrator of the Funds )
 )
         **Plaintiffs,** )
 ) Case No. 13 C 0386
       **v.** )
 ) Judge Milton I. Shadur
SALUTE CONCRETE, INC., )
 )
         **Defendant.** )

**PLAINTIFFS' MOTION FOR PROVE-UP OF DAMAGES**

Plaintiffs, the Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Fund of the Health and Welfare Department of Construction and General Laborers' District Council of Chicago and Vicinity, and James S. Jorgensen, Administrator of the Funds (the "Funds"), by their attorneys, hereby move for judgment of damages in sum certain against defendant, Salute Concrete, Inc., (the "Company"), pursuant to Rule 55 of the Federal Rules of Civil Procedure. In support of this Motion, plaintiffs by and through their attorneys state:

    1.    On January 17, 2013, plaintiffs filed a complaint under Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331 alleging that at all material times defendant, Salute Concrete, Inc. (the "Company"), has an obligation, arising from a collective bargaining agreement to make contributions to plaintiffs' Funds,

1

to submit to an audit upon demand and to obtain and maintain a surety bond. In this Complaint, plaintiffs specifically alleged that defendant failed to report and pay contributions from October 1, 2012 to the present. Plaintiffs requested relief included producing books and records for an audit upon plaintiffs' request.

2. On February 28, 2013, the Court granted plaintiffs' motion for default.

3. The Company's president, Thomas Saviano, agreed to comply with the Funds' selected auditors from the Firm of Richard J. Wolf and Company, Inc., that performed a payroll audit as required by the Collective Bargaining Agreement, which was attached to the Complaint (See, Dk#1).

4. As established by the Funds' Field Department Representative, James Fosco, the Funds' auditors reviewed the defendant's records that reflected contributions due to the Funds for the period covering June 6, 2012 through February 28, 2013. A letter and a copy of the auditors' report was sent to the Company with a deadline for presenting any objections to the audit report. The Company did present objections as well as further documentation, and, after due consideration, the Funds agreed to accept some of the Company's challenges. The audit was revised to reflect these adjustments. Thus, the auditors' revised report of August 20, 2013, reflects principal contributions owed to the Welfare, Pension, Training, LMCC, CCA, and LECET funds, and for Union dues in the total amount of $14,369.95, as well as accumulated late penalties in the amount of $2,692.30. (See, James Fosco Affidavit, Exhibit A, ¶2-3; the Audit Report, Exhibit B).

5. According to the Collective Bargaining Agreement and the respective Trust Agreements to which the defendant is bound, payment is also owed for liquidated damages in the amount of 20% (twenty percent) of the unpaid or late contributions to the Welfare, Pension, and Training funds, and 10% (ten percent) of the principal amount of delinquent contributions to the

2

LMCC, CCA and LECET funds, and for Union dues. Additionally, interest is calculated at twelve percent and is owed for all delinquencies. As established by the affidavit of Mr. Fosco the liquidated damages owed to the Welfare, Pension and Training funds amount to $2,727.29, and the liquidated damages to the LMCC, CCA and LECET funds, and for Union dues, amount to $73.35. Interest is due in the amount of $1,563.00 (See, Fosco Affidavit, Exh. A, ¶4-5). These amounts are further detailed in the summary reports prepared by Mr. Fosco in this matter that are attached as Exhibit C.

6. The cost of the audit billed to the Funds was $600.00, which the defendant is also obligated to pay, based on the respective Trust Agreements to which they are bound. (Fosco Affidavit, Exh. A, ¶7; Audit Report, Exh. B).

7. Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Sara Stewart Schumann establishes the amount of attorneys' fees incurred in this matter are $4,480.00 and $420.00 in costs, consisting of service of process and filing fees (See, Sara Stewart Schumann Affidavit, Exhibit D; Fee Report, Exhibit D1).

**WHEREFORE,** plaintiffs request entry of judgment against the defendant, Salute Concrete, Inc., requesting that the Court order judgment in a total amount of $26,925.89 to be entered. Further, plaintiffs request the Court's order specify that, should the defendant resume operations, the Company must report hours of covered employees on a monthly basis and pay current contributions as they become due as required under the collective bargaining agreement, and the Company must provide written proof that it has obtained a surety bond to plaintiffs' counsel, Sara S. Schumann, Esq., Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street, Suite 2600, Chicago, IL 60606.

Respectfully submitted,


/s/ Sara S. Schumann
One of plaintiffs' attorneys

Karen I. Engelhardt
Jason A. McGaughy
Sara S. Schumann
ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

August 30, 2013